11-2492 (L), 11-3186 (Con)
United States v. Hamilton

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of September, two thousand fourteen.

Present:       ROSEMARY S. POOLER,
               RAYMOND J. LOHIER, JR.,
                       *Circuit Judges*.
               VALERIE CAPRONI,[1]
                       *District Judge*.

———————————————————————————————

UNITED STATES OF AMERICA,

                       *Appellee*,

               -v-                                              11-2492(L)[2];
                                                                11-3186(con)

JOHN HAMILTON,

                       *Appellant*.[3]

———————————————————————————————


Appearing for Appellant:       Bobbi C. Sternheim, New York,  N.Y.

---

[1] The Honorable Valerie Caproni, United States District Court for the Southern District of New York, sitting by designation.

[2] Docket No. 11-2492 was closed by order filed October 22, 2012.

[3] The Clerk of the Court is directed to amend the caption as above.

Appearing for Appellee:    Michael D. Maimin, Assistant United States Attorney for the Southern District of New York (Preet Bharara, United States Attorney; Justin Anderson, Assistant United States Attorney, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (McMahon, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

John Hamilton appeals from the June 23, 2011 judgment of conviction entered in the United States District Court for the Southern District of New York (McMahon, *J.*) sentencing him principally to 60 months' imprisonment following his guilty plea to the offense of conspiracy to distribute, and possession with the intent to distribute, five grams or more of crack in violation of 21 U.S.C. § 841(b)(1)(B). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

At his sentencing, Hamilton allocuted that he "agreed with others to sell five grams or more of crack cocaine in Newburgh from 2007 and on." In Hamilton's plea agreement, however, the parties stipulated that Hamilton's base offense level was 26, "[b]ecause the offense involved at least 28 grams but less than 112 grams of cocaine base [crack]." The district court adopted the description of Hamilton's offense and conduct set forth in the presentence report ("PSR"). The PSR states Hamilton's conduct involved "at least 28 grams, but less than 112 grams of cocaine base." PSR ¶ 44. Based on the drug amount stipulated to in the plea agreement, Hamilton was sentenced to the mandatory minimum of 60 months' imprisonment.

Hamilton primarily argues that the amount he allocuted to is the controlling admission for FSA purposes, not the amount he stipulated to in his plea agreement. We disagree, as the district court's adoption of the PSR's description of Hamilton's offense and conduct is a finding as to drug quantity. Moreover, Hamilton did not actively contest the quantity of crack cocaine involved in his offense in the same way that the defendant did in *United States v. Culbertson*, 670 F.3d 183, 190-91 (2d Cir. 2012). We acknowledge the district court's frustration with imposing the mandatory minimum sentence in this case, but agree with its assessment that the existence of the mandatory minimum rendered the Section 3553(a) factors "largely irrelevant." Appendix at 108.

We have considered the remainder of Hamilton's arguments and find them to be without merit. Accordingly, the sentence of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk